**AND NOW,** this 13th day of May, 2009, the Petition for Review is **DENIED.**

■

**The PHILADELPHIA HOUSING AUTHORITY, Respondent**

v.

**AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, DISTRICT COUNCIL 33, LOCAL 934, Petitioner.**

Supreme Court of Pennsylvania.

May 18, 2009.

### ORDER

PER CURIAM.

**AND NOW,** this 18TH day of May, the Petition for Allowance of Appeal is **GRANTED** limited to the following issues, rephrased for clarity:

(1) Whether the Arbitrator's award violates a clearly articulated public policy, as defined by the public policy exception to the essence test, established by this Court in *Westmoreland?*

(2) Whether the Commonwealth Court misapplied the public policy exception by holding that public policy requires severe discipline by an employer in response to sexual harassment, notwithstanding that (a) the employee was disciplined in the form of a verbal warning; (b) the employee abided by the warning and committed no further harassment warranting discipline following the warning; and (c) federal and state regulations, cases, and policies, and the employer's own policy, do not require that an offending employee be punished, and contemplate that a warning may be a sufficient response to sexual harassment?

■

**Kenneth KISTLER, Respondent**

v.

**COMMONWEALTH of Pennsylvania, STATE ETHICS COMMISSION, Petitioner.**

Supreme Court of Pennsylvania.

May 19, 2009.

## ORDER

PER CURIAM

AND NOW, this 19th day of May, 2009, the Petition for Allowance of Appeal is **GRANTED.** The issues, paraphrased, are:

a.  Whether a public official may violate § 1103(a) of the Public Official and Employee Ethics Act, 65 Pa.C.S. § 1103(a), despite lacking the intent to use his office for private pecuniary gain.

b.  Whether § 1103(f) of the Public Official and Employee Ethics Act requires competitive bidding.